IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JIMMY R HOUSTON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | |
| | § | |
| CITI MORTGAGE CORPORATION | § | Case No. 3:15-cv-3098 |
| MORTGAGE ELECTRONIC | § | |
| REGISTRATION SERVICE & | § | |
| BARRETT DAFIN FRAPPIER | § | |
| TURNER & ENGEL, LLP TRUSTEE, | § | |
| | § | |
| Defendants. | § | |

### DEFENDANT BARRETT DAFFIN FRAPPIER TURNER & ENGEL, LLP'S MOTION TO DISMISS AND BRIEF IN SUPPORT

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

COMES NOW, Defendant Barrett Daffin Frappier Turner & Engel, LLP ("BDFTE") and, under Rule 12(b)(6) of the Federal Rules of Civil Procedure, moves this Court to dismiss Plaintiff Jimmy R Houston's ("Plaintiff") claims against BDFTE for failure to state a claim upon which relief can be granted. In support, BDFTE respectfully shows this Honorable Court the following:

#### SUMMARY OF THE ARGUMENT

1. This lawsuit concerns Plaintiff's allegations regarding foreclosure proceedings affecting the real property located at 2115 Brookhaven Dr, Dallas, TX 75224 (the "Property"). Plaintiff alleges wrongful foreclosure, breach of contract, fraud, fraudulent inducement, negligence, and asks for a declaratory judgment. Nowhere in the pleadings, however, does the Plaintiff identify any conduct attributable to BDFTE that supports his

causes of action. As such, Plaintiff fails to state a claim against BDFTE under Rule 12(b)(6) because there is no connection between any concretely pleaded facts and Plaintiff's causes of action. And even if he could show such a connection, the doctrine of qualified immunity would bar any claim because BDFTE's only connection to the matter in this case was legal representation of the lender in initiating foreclosure proceedings. The Court should dismiss Plaintiff's claims against BDFTE.

## PROCEDURAL BACKGROUND

2. On September 11, 2015, Plaintiff filed his Original Petition and Request for Discovery (the "Petition") in the 193rd Judicial District, Dallas County, Texas (the "State Court Action") (Doc 1-2).

3. On September 23, 2015, Defendant CitiMortgage, Inc. filed its Notice of Removal, removing the State Court Action to this Court (Doc 1).

## ARGUMENT & AUTHORITIES

**A.   The petition should be dismissed because it is devoid of any factual allegations sufficient to put BDFTE on notice as to what conduct supports the Plaintiff's claims.**

4. Plaintiff's Petition should be dismissed for failure to state a claim upon which relief can be granted. To prevent dismissal, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."[1] A claim is facially plausible if "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[2] If there are "well-pleaded factual allegations, a court should assume their veracity and then

---

[1] *Ashcroft v. Iqbal*, 556 U.S. 662, 697 (2009) (*citing Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)) (internal quotations omitted).
[2] *Id.* (*citing Twombly*, 550 U.S. at 556).

determine whether they plausibly give rise to an entitlement to relief."[3] Although determining whether relief is "plausible" requires a court to construe the claims in a light most favorable to the plaintiff, a court is "not bound to accept as true a legal conclusion couched as factual allegation."[4] Because the plaintiff "must plead specific facts, not mere conclusional allegations[,]"[5] conclusory allegations and unwarranted deductions of fact are not accepted as true.[6] The Fifth Circuit provided a clear explanation of federal pleading requirements in *Anderson v. U.S. Dept. of Hous. & Urban Dev.* noting that:

> [the] complaint must do more than name laws that may have been violated by the defendant; it must also allege facts regarding what conduct violated those laws. In other words, a complaint must put the defendant on notice as to what conduct is being called for defense in a court of law.[7]

5. After reviewing the Petition several times, BDFTE cannot in good faith ascertain with any degree of certainty the wrong Plaintiff alleges that BDFTE has committed. The Petition fails to state a claim against BDFTE under Rule 12(b)(6) because it is devoid of any factual allegations concerning BDFTE at all.

6. The only conduct attributable to BDFTE identified in the Petition is that BDFTE "committed fraud by preparing and submitting a known false documents with the intention that the false documents deprive Plaintiffs of money and property."[8] This conclusory sentence is insufficient to state a claim against BDFTE. The Petition makes conclusory statements that the Defendants seek to "fraudulently obtain an unjust

---

[3] *Iqbal*, 556 U.S. at 679.
[4] *Iqbal*, 556 U.S. at 678.
[5] Kane Enterprises v. MacGregor (USA) Inc., 322 F.3d 371, 374 (5th Cir. 2003).
[6] Id.
[7] *Anderson v. U.S. Dept. of Hous. & Urban Dev.*, 554 F.3d 525, 528-29 (5th Cir. 2008). *See also Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555) ("[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice").
[8] Petition, Doc 1-2 at ¶19.

property, claim it as their own, and then further bargain, assign, or sale the same to obtain an unjust enrichment, benefit, and gain for themselves[.]"[9] Plaintiff's generalized accusations involving all "Defendants" are insufficient to state a claim as to BDFTE.[10]

7. In sum, Plaintiff's Petition fails to allege sufficient facts to state a claim against BDFTE. "Where the complaint is devoid of facts that would put the defendant on notice as to what conduct supports the claims, the complaint fails to satisfy the requirement of notice pleading."[11] Such is the case here. Without alleging any facts as to BDFTE, Plaintiff cannot assert plausible claims against it. This Court and BDFTE should not be forced to guess Plaintiff's theories of recovery and the grounds on which she alleges BDFTE is liable. Accordingly, dismissal is proper under Rule 12(b)(6).

**B.    Even if Plaintiff's claims were valid, they would still be barred under the doctrine of qualified immunity because BDFTE's involvement in this matter was limited to providing legal representation.**

8. Plaintiff's claims against BDFTE fail as a matter of law because they are barred by the doctrine of qualified immunity. To promote zealous representation, state and federal courts in Texas have held that an attorney enjoys "qualified immunity" from civil liability, with respect to nonclients, for actions taken in connection with the attorney's representation of a client.[12] The rationale of the doctrine is stated as follows:

---

[9] *Id.* at ¶22.

[10] *See Washington v. U.S. Dep't of Hous. & Urban Dev.*, 953 F. Supp. 762, 770 (N.D. Tex. 1996) ("Plaintiff may not rely on such global allegations that Defendants, as a group, committed such acts or omissions. Plaintiff must specify how each Defendant committed the acts or omissions which form the basis of her fraud, misrepresentation and Deceptive Trade Practices claims."); *see also Chyba v. EMC Mortg. Corp.*, 450 Fed. App'x 404, 406 (5th Cir. 2011) ("Finally, it found Plaintiff's vague allegations of malfeasance by a global group of unspecified 'defendants'—without alleging any particular acts by the present Defendant—provided an additional reason to dismiss the suit.").

[11] *Anderson*, 554 F.3d at 528.

[12] *Alpert v. Crain, Caton & James, P.C.*, 178 S.W.3d 398, 405 (Tex. App.—Houston [1st Dist.] 2005, pet. denied); *see also Taco Bell Corp. v. R.W. Cracken*, 939 F. Supp. 528, 532, 33 (N.D. Tex. 1996) (finding that Texas would bar claims by one party against opposing party's attorney); *Guthrie v. Buckley*, 79 Fed.

The public has an interest in "loyal, faithful and aggressive representation by the legal profession." *Bradt v. West*, 892 S.W.2d 56, 71 (Tex. App.–Houston [1st Dist.] 1994, writ denied). Thus, an attorney is charged with the duty of zealously representing his clients within the bounds of the law. *Id*. In fulfilling this duty, an attorney "has the right to interpose any defense or supposed defense and make use of any right in behalf of such client or clients as [the attorney] deem[s] proper and necessary without making himself subject to liability in damages."[13]

9. BDFTE's only involvement in this matter was representing a lender in initiating foreclosure proceedings.[14] This conduct is typical for an attorney as part of the discharge of his duties in representing a client.[15] *Smith v. Nat'l City Mortg., USA* is squarely on point and supports dismissal of Plaintiff's claims here. In *Smith*, the plaintiffs defaulted on their home mortgage, and BAC Home Loan Servicing, L.P. filed a home equity foreclosure proceeding against the plaintiffs.[16] The plaintiffs filed suit against numerous defendants, including BDFTE based on its representation of BAC in the foreclosure proceeding, alleging that defendants were involved in a "predatory lending enterprise in a scheme to obtain illegal fees and profits at Plaintiffs' expense."[17]

10. BDFTE moved to dismiss on qualified immunity grounds, arguing that its only involvement with the plaintiffs was as a law firm representing its client in a foreclosure proceeding.[18] The court agreed and dismissed all claims against BDFTE:

> In the instant case, Plaintiffs allege that BDFTE became a party to "the fraud" when "they handled the foreclosure proceedings and knowingly

---

Appx. 637, 638 (5th Cir. 2003) ("An attorney or an opposing party may seek sanctions for the opposition's allegedly meritless or malicious acts, but the law does not provide a cause of action").

[13] Smith v. Nat'l City Mortg., USA, No. A-09-CV-881, 2010 WL 3338537, at *3 (W.D. Tex. Aug. 23, 2010).

[14] Petition, Doc. 1-2 at ¶8.

[15] *See Smith v. Nat'l City Mortg., USA*, No. A-09-CV-881, 2010 WL 3338537 (W.D. Tex. Aug. 23, 2010) (applying qualified immunity doctrine to foreclosure proceedings conducted by law firm); *Campbell*, 2012 WL 1839357 at *6 (affirming dismissal of claims against law firm for wrongful non-judicial foreclosure based on doctrine of qualified immunity).

[16] *See Smith*, 2010 WL 3338537, at *1.

[17] *Id*.

[18] *Id*. at *3.

failed to investigate the legitimacy of the claims." Plaintiffs' Amended Complaint at ¶ 2. Representing a mortgage company and filing a foreclosure action against homeowners who have defaulted on their loan is clearly the kind of "conduct an attorney engages in as part of the discharge of his duties in representing a party in a lawsuit." *Id.; see also, Renfroe v. Jones & Assoc.,* 947 S.W.2d 285, 288 (Tex. App.-Fort Worth 1997, writ denied) (holding that plaintiff had no cause of action against attorney for his participation in filing writ of garnishment with inaccurate facts); *Graham v. Turcotte*, 628 S.W.2d 182, 184 (Tex. App.—Corpus Christi 1982, no writ) (holding that because no privity of contract existed between mortgagors and attorney of mortgagee, mortgagors could not sue attorney directly alleging that excessive attorney's fees were exacted upon foreclosure); *Berkley v. Unell,* 1995 WL 500275 (Tex. App.-Dallas 1995, writ denied) (affirming trial court's ruling that law firm owed no duty to non-client plaintiff whose property was foreclosed on). Moreover, "[l]abeling the conduct as fraudulent does not automatically make it actionable and the attorneys liable." *Dixon Financial Services, LTD. v. Greenberg, Peden, Siegmyer & Oshman, P. C.,* 2008 WL 746548 at * 11 (Tex. App.-Houston [1st Dist.] March 20, 2008, pet. denied); s*ee also, McCampbell v. KPMG Peat Marwick,* 982 F. Supp. 445, 448 (N.D.Tex.1997) (holding that plaintiff could not recover against attorney representing opposing party in previous suit based on attorney's allegedly false statements in affidavit and motion for new trial filed in that suit). Because Plaintiffs have failed to allege any facts which would overcome BDFTE's qualified immunity with regard to Plaintiffs' claims, BDFTE's Motion to Dismiss should be granted and Plaintiffs' claims against BDFTE should be dismissed from this lawsuit.[19]

11. The case of *Campbell v. Mortg. Elec. Reg. Sys., Inc.*, from the Austin Court of Appeals, is also instructive. In *Campbell*, plaintiff homeowners sued MERS, Wells Fargo and the foreclosure attorneys hired by Wells Fargo alleging a claim for wrongful foreclosure.[20] The attorney defendants filed a motion to dismiss, arguing "that they were immune from suit because they could not be sued by the Campbells for actions taken within the scope of their representation of Wells Fargo" in the foreclosure.[21] The trial court granted the motion to dismiss and the Austin Court of Appeals affirmed, recognizing

---

[19] *Id*. at *4.

[20] *Campbell v. Mortg. Elec. Reg. Sys., Inc.*, No. 03-11-00429-CV, 2012 WL 1839357, at *1 (Tex. App.—Austin May 18, 2012, pet. denied).

[21] *Id*. at *6.

that the attorneys had no contact with the plaintiffs "that was not in their capacity as legal counsel for Wells Fargo in an adverse relationship with" the plaintiffs.[22]

12. This case is no different than *Smith* or *Campbell*. The only involvement BDFTE had with the Plaintiff was as a law firm representing its client in connection with foreclosure proceedings. The Petition does not allege any facts which would suggest BDFTE had any contact with Plaintiff that was not in BDFTE's capacity as foreclosure counsel. As a result, BDFTE's actions are protected by the doctrine of qualified immunity. Accordingly, dismissal under Rule 12(b)(6) is appropriate.

## CONCLUSION & PRAYER

13. BDFTE's Motion to Dismiss should be granted because Plaintiff has failed to state a claim against BDFTE upon which relief can be granted. Specifically, the Petition fails to allege any facts attributable to BDFTE whatsoever, and for that reason alone, fails to state a claim against BDFTE as a matter of law. In addition, Plaintiff's claims against BDFTE are barred by the doctrine of qualified immunity.

14. **WHEREFORE, PREMISES CONSIDERED,** BDFTE respectfully prays that this Honorable Court grant BDFTE's Motion and dismiss Plaintiff's claims for relief against BDFTE with prejudice and grant BDFTE all further relief it is entitled to, including its reasonable and necessary attorneys' fees and costs of court.

    Respectfully submitted,

    MARIS & LANIER, P.C.

    /s/ Robert F. Maris
    Robert F. Maris

---

[22] *Id.*

State Bar No. 12986300
rmaris@marislanier.com
3710 Rawlins Street, Suite 1550
Dallas, Texas 75219
214-706-0920 telephone
214-706-0921 facsimile

ATTORNEYS FOR DEFENDANT
BARRETT DAFFIN FRAPPIER
TURNER & ENGEL, LLP

## **CERTIFICATE OF SERVICE**

This certifies that a true, correct and complete copy of the foregoing document was served in accordance with the Federal Rules of Civil Procedure on October 22, 2015 to:

Jimmy R. Houston
2115 Brookhaven
Dallas, Texas 75224
**VIA CMRR# 7008 3230 0000 9605 8436**

Michael J. McKleroy, Jr.
C. Charles Townsend
Andrew D. Thomas
AKERMAN, LLP
2001 Ross Avenue, Suite 2550
Dallas, Texas 75201
Attorneys for Defendant
CitiMortgage, Inc.
**VIA CM/ECF**

          /s/ Robert F. Maris
          Robert F. Maris