## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| **JIMMY R. HOUSTON,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| v. | § | Case No. 3:15-cv-3098 |
| | § | |
| **CITI MORTGAGE CORPORATION** | § | |
| **MORTGAGE ELECTRONIC** | § | |
| **REGISTRATION SERVICE &** | § | |
| **BARRETT DAFIN FRAPPIER** | § | |
| **TURNER & ENGEL, LLP TRUSTEE** | § | |
| | § | |
| **Defendants.** | § | |

### CITIMORTGAGE INC.'S REPLY SUPPORTING ITS MOTION TO DISMISS

CitiMortgage, Inc., or CMI, files this reply supporting its motion to dismiss and respectfully shows the court as follows:

### I. SUMMARY

Plaintiff's opposition to CMI's motion to dismiss fails to address even one of the bases for dismissal. Plaintiff attempts to argue the court should deny CMI's motion because he is pro se, ignoring that even *pro se* plaintiffs must allege sufficient facts to state a plausible claim. Plaintiff falls well short of this burden—failing to identify a single valid reason why the court should not grant CMI's motion.

### II. ARGUMENTS & AUTHORITIES

**A.  Plaintiff's response does not relate to this action.**

Plaintiff's response is not tailored to this case and appears to relate to another action. Plaintiff contends he provides CMI with fair notice of claims for (**1**) Truth in Lending Act (**TILA**) violations, (**2**) Real Estate Settlement Procedures Act (**RESPA**) violations, (**3**) fraud based on use of a counterfeit note, (**4**) conspiracy, (**5**) Federal Debt Collection Practices Act

(**FDCPA**) violations, and (**6**) quiet title.[1] But, plaintiff did not allege TILA, RESPA, conspiracy, FDCPA, or quiet title claims.[2] Plaintiff alleged fraud, but it was not based on a counterfeit note.[3]

Further confusing his response, plaintiff claims to respond to a motion for more definite statement when CMI filed a motion to dismiss under Rule 12(b)(6)—not Rule 12(e).[4]

Adding to the awkwardness of the response, plaintiff dated it May 29, 2013.[5] But plaintiff filed his response on October 13, 2015—approximately 867 days after.[6] Plaintiff states he provided additional factual material with his "temporary restraining order;"[7] however, plaintiff did not request a temporary restraining order in his petition, nor did this court or the state court enter one.[8] Plaintiff's response appears to have no connection to this action.

**B.      Pro se complaints must allege "specific, well-plead facts."**

Plaintiff alleges he states a claim because "prose [sic] complaints are held to lower standards than the formal pleadings drafted by lawyers."[9] While courts liberally construe pro se complaints, this court recently noted, "*pro se* status does not provide 'an impenetrable shield, for one acting *pro se* has no license to harass others, clog the judicial machinery with meritless litigation and abuse already overloaded court dockets." *Burroughs v. Shared Housing Ctr.*, No. 3:15-cv-333, 2015 WL 4077216, at *4 (N.D. Tex. June 17, 2015), *citing Marshall v. Eadison,* 704CV123HL, 2005 WL 3132352, at *2 (M.D.Ga. Nov.22, 2005) (citing *Hughes v. Rowe,* 449 U.S. 5, 9, 101 S.Ct. 173, 66 L.Ed.2d 163 (1980)). A party proceeding pro se must still allege facts to state a plausible claim. *See Florance v. Bunchmeyer*, 500 F. Supp.2d 618,

---

[1] *See generally* pls.' mem. in opp'n. to def.'s mot. to dismiss at 2.
[2] *See generally* pl's. pet.
[3] Pl.'s pet. ¶¶ 4-11, 18-20.
[4] *See generally* CMI's mot. to dismiss; *see also* CMI's br. in supp. of its mot. to dismiss; Pls.' mem. in opp'n. to def.'s mot. to dismiss at 2.
[5] Pls.' mem. in opp'n. to def.'s mot. to dismiss at 3.
[6] *See generally* pls.' mem. in opp'n. to def.'s mot. to dismiss 1, 3.
[7] *See* pls.' mem. in opp'n. to def.'s mot. to dismiss 3.
[8] *See generally* pl.'s pet.; *see also* CMI's notice of removal, ex. 4, docket sheet.
[9] Pls.' mem. in opp'n. to def.'s mot. to dismiss at 2.

634 (N.D. Tex. 2007) ("regardless of whether the plaintiff is proceeding *pro se* or is represented by counsel, pleadings must show specific, well-plead facts, not mere conclusory allegations to avoid dismissal."); *see also Bunch v. Mollabashy*, No. 3:13-cv-1075 2015 WL 1378698, at *5 (N.D. Tex. March 26, 2015).  Plaintiff does not meet even the liberal *pro se* standard.

**C.     Plaintiff's response does not address CMI's motion to dismiss.**

CMI moves to dismiss plaintiff's claims because (**1**) his claims are barred by res judicata, and (**2**) the automatic stay was never invoked.[10]  Plaintiff does not identify a single reason why res judicata does not bar his claims.[11]  Plaintiff does not attempt to demonstrate how the automatic stay was in place when he filed for bankruptcy on August 3, 2015, or refute CMI's argument the automatic stay was never invoked.[12]

Plaintiff incredibly fails to reference his fraudulent inducement, wrongful foreclosure, breach of contract, and negligence claims in his response, let alone identify any reason why the court should not dismiss these claims with prejudice.[13]

**D.     Plaintiff does not state a claim for fraud.**

CMI moves to dismiss plaintiff's fraud claim because he failed to set forth specific facts to support an inference of fraud under Rules 9(b) and 12(b)(6).  In his response, plaintiff states "Defendants through the use of an allegedly counterfeit copy of a mortgage note, have committed fraud in foreclosing on Plaintiffs[14] property."[15]  Plaintiff did not plead CMI attempted to foreclose based on a "counterfeit copy of a mortgage note,"[16] nor is a note necessary to foreclose.  *See Martins v. BAC Home Loans Servicing, LP*, No. 12-20559, 2013 WL 3213633, at

---

[10] *See* CMI's br. in supp. of mot. to dismiss at 5-8.
[11] *See generally* pls.' mem. in opp'n. to def.'s mot. to dismiss.
[12] *See generally* pls.' mem. in opp'n. to def.'s mot. to dismiss.
[13] *See generally* pls.' mem. in opp'n. to def.'s mot. to dismiss.
[14] There is only one plaintiff in this action.
[15] Pls.' mem. in opp'n. to def.'s mot. to dismiss at 2.
[16] *See* pl.'s pet. ¶¶ 4-11, 18-20.

*8 (5th Cir. June 26, 2013) (concluding person to whom deed of trust had been assigned of record "did not need to possess the note to foreclose."); *Epstein v. U.S. Bank Nat'l Assoc.*, No. 13-50047, 2013 WL 5340766, at *1 (5th Cir. Sept. 25, 2013) ("[A] mortgagee or mortgage servicer is permitted to foreclose on a house even without holding the note."); *see also Bierwirth v. BAC Home Loans Servicing, LP*, No. 03-11-644-CV, 2012 WL 3793190, at *4 (Tex. App.—Austin Aug. 30, 2012, no pet.) ("Texas law does not require that one be a holder of the note and the deed of trust to be entitled to foreclose, much less a holder-in-due-course of the note.").

Plaintiff does not identify any facts to suggest CMI made a material, false statement to him that was false when made or made recklessly as a positive assertion without knowledge of its truth.[17]  Plaintiff does not describe relying on any false representation or that any reliance caused any injury.  This court should dismiss plaintiff's fraud claim.

**E.      To the extent plaintiff attempts to plead new claims, they should not be considered.**

Plaintiff filed a response not tailored to this action.[18]  Plaintiff refers to TILA, RESPA, conspiracy, and quiet title claims he now contends he asserted in his petition.[19]  He did not.[20]  To the extent the court considers plaintiff's response an attempt to add new claims, the court must disregard them.  When considering a motion to dismiss for failure to state a claim, a district court must limit its review to the complaint and attachments.  *Fin. Acquisition Partners LP v. Blackwell*, 440 F.3d 278, 286 (5th Cir. 2006); *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000).

---

[17] *See* pl.'s pet. ¶¶ 4-11, 18-20; pls.' mem. in opp'n. to def.'s mot. to dismiss at 2.
[18] *See supra* § II(A).
[19] Pls.' mem. in opp'n. to def.'s mot. to dismiss at 2.
[20] *See generally* pl.'s pet.

### III.  CONCLUSION

CMI respectfully requests the court grant its motion to dismiss plaintiff's claims.  Plaintiff fails to state a claim upon which relief can be granted.  These claims should be dismissed with prejudice because allowing plaintiff to restate them would be an act of futility.  *See, e.g.*, *DeLoach v. Woodley*, 405 F.2d 496, 496–97 (5th Cir. 1968) (noting that the Federal Rules of Civil Procedure "do not require that courts indulge in futile gestures").


Dated:  October 27, 2015 

Respectfully submitted,

    */s/ Andrew D. Thomas*
Michael J. McKleroy, Jr., SBN:  24000095
*Attorney-in-Charge*
C. Charles Townsend, SBN:  24028053
*Of Counsel*
Andrew D. Thomas, SBN: 24060714
*Of Counsel*
AKERMAN, LLP
2001 Ross Avenue, Suite 2550
Dallas, Texas 75201
Telephone: 214.720.4300
Facsimile: 214.981.9339
charles.townsend@akerman.com
michael.mckleroy@akerman.com
andrew.thomas@akerman.com

**ATTORNEYS FOR DEFENDANT CITIMORTGAGE, INC.**

## CERTIFICATE OF SERVICE

I hereby certify that on October 27, 2015, a true and correct copy of the foregoing was served as follows:

**VIA CERTIFIED MAIL / RRR**
**NO. 9414 7266 9904 2017 4234 95**
**AND VIA FIRST CLASS U.S. MAIL**
Jimmy R. Houston
2115 Brookhaven
Dallas, Texas 75224
*Pro Se*

                                             */s/ Andrew D. Thomas*
                                             Andrew D. Thomas