UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JIMMY R. HOUSTON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:15-CV-3098-B |
| | § | |
| CITI MORTGAGE CORPORATION, | § | |
| MORTGAGE ELECTRONIC | § | |
| REGISTRATION SERVICE, and | § | |
| BARRETT DAFIN FRAPPIER | § | |
| TURNER & ENGEL, LLP, as Trustee, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court are Motions to Dismiss from Defendants Citi Mortgage, Inc.[1] (Doc. 5);

Mortgage Electronic Registration Service (Doc. 9); and Barrett Dafin Frappier Turner & Engel, LLP

(Doc. 13). For the following reasons, the Court **GRANTS** each Defendant's Motion in its entirety

and **DISMISSES** all of Plaintiff's claims **with prejudice**.

## I.

## BACKGROUND[2]

This is a foreclosure prevention suit.[3] As best the Court can tell, it centers around whether

---

[1] This entity appears in the case caption as "Citi Mortgage Corporation" but refers to itself as "CitiMortgage, Inc." throughout the pleadings. Therefore the Court will use the latter term.

[2] The Court draws its factual account from the allegations in Plaintiff's First Amended Complaint. *See Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 725 (5th Cir. 2002) (noting that, when considering a Rule 12(b)(6) motion to dismiss, "all facts pleaded in the complaint must be taken as true").

[3] Given that Plaintiff appears *pro se*, the facts underlying his suit are difficult to discern. The Court does its best to state them with clarity.

Plaintiff James R. Houston (Houston) ever granted either Citi Mortgage, Inc. (CMI) and/or Mortgage Electronic Registration Service (MERS) a lien upon property located at 2115 Brookhaven, Dallas, Texas 75224 (the Property), and, if so whether CMI and/or MERS are now entitled to foreclose upon the Property. *Compare* Doc. 1-2, Ex. 1, Pl.'s Original Pet. and Req. for Discovery Wrongful Foreclosure & Suit to Quiet Title and Decl. J. ¶¶ 4–5 [hereinafter Pet.],[4] *with* Doc. 6, CitiMortgage, Inc.'s Br. in Supp. of Mot. to Dismiss 1 [hereinafter CMI Mot. to Dismiss], *and* Doc. 10, Mortgage Electronic Registration Service's Br. in Supp. of Mot. to Dismiss 1 [hererinafter MERS's Mot. to Dismiss].

In any event, Houston has filed for bankruptcy no less than five times in an attempt to prevent foreclosure upon the Property. *See* Doc. 7-1, App. in Supp. of CMI's Mot. to Dismiss 6 [hereinafter CMI App.], Ex. 2, Order Dismissing Case With Prejudice to Re-Filing for Two Years [hereinafter 9/14/15 Bankr. Order]. Houston's last bankruptcy petition came on August 3, 2015, despite a prior court barring him from filing for bankruptcy. *Id.* at 5–6. In response, the court dismissed his petition and barred him from re-filing for two years. *Id.* at 7.

In addition to his bankruptcies, Houston filed a petition in 2011 where he sued the same parties he sues here now;[5] asserted the same causes of action he asserts here now;[6] and requested the

---

[4] The Court notes that Houston's petition also includes a number of requests for disclosures, admissions, and production of documents. *See generally* Doc. 1-2, Pet. These requests are, of course, inappropriate at this juncture, so the Court will ignore them.

[5] CMI, MERS, and BDFTE.

[6] (1) Wrongful foreclosure; (2) breach of contract; (3) fraud; (4) negligence; and (5) declaratory judgment.

same relief he requests here now.[7] *Compare id.* at 8–27, Ex. 3, Plaintiffs' Original Pet. and Req. for Discovery Wrongful Foreclosure & Suit to Quiet Title and Decl. J. [hereinafter Pl.'s 2011 Pet.] *with* Doc. 1-2, Pet. Houston eventually nonsuited his claims with prejudice, *see* Doc. 7-1, CMI App. at 28–30, Ex. 4, Pl.'s Notice of Nonsuit with Prejudice, *Houston v. CMI et al., No.* 3:11-cv-01061-B (doc. 11), and the Court dismissed the case, also with prejudice. *Id.* at 31–32, Ex. 5, Order, *Houston v. CMI et al.*, No. 3:11-cv-01061-B (doc. 11).

Undeterred, Houston filed this suit in Dallas County Court on September 11, 2015, again asserting the same claims against the same Defendants and asking for the same relief, all in order to challenge a August 4, 2015, foreclosure sale of the Property. *Compare* Doc. 1-2, Pet., *with* Doc. 7-1, CMI App. at 8–27, Ex. 3, Pl.'s 2011 Pet. *See also* Doc. 1, Removal Notice 1.

On September 23, 2015, CMI removed the case to this Court (Doc. 1), and, since then, CMI, MERS, and BDFTE have all separately moved to dismiss the suit (Docs. 5, 9, and 13). Houston has responded to each (Docs. 8 and 16),[8] and Defendants have replied in turn (Docs. 14, 17, and 18). Thus, all three Motions are now ready for review.[9]

---

[7] Actual and punitive damages, pre- and post-judgment interest, and attorneys' fees.

[8] Houston replied to MERS and BDFTE's Motions well past the deadline for doing so, however. He also combined his responses to both into a single document (Doc. 16).

[9] Because CMI and MERS's motions and appendices are nearly identical, the Court construes them together. *Infra* Part III(A). It addresses BDFTE's motion separately. *Infra* Part III(B).

## II.

## LEGAL STANDARD

A.    *Motion to Dismiss Under Rule 12(b)(6)*

Federal Rule of Civil Procedure 12(b)(6) authorizes a court to dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In considering a Rule 12(b)(6) motion to dismiss, "[t]he court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Martin K. Eby Constr. Co. v. Dall. Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)). The Court will "not look beyond the face of the pleadings to determine whether relief should be granted based on the alleged facts." *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999).

To survive a motion to dismiss, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* When well-pleaded facts fail to achieve this plausibility standard, "the complaint has alleged—but it has not shown—that the pleader is entitled to relief." *Id.* at 679 (internal quotation marks and alterations omitted).

B.      *Res Judicata*

"The preclusive effect of a prior federal court judgment is controlled by federal res judicata rules." *Ellis v. Amex Life Ins. Co.*, 211 F.3d 935, 937 (5th Cir. 2000); *Agrilectric Power Partners, Ltd. v. Gen. Elec. Co.*, 20 F.3d 663, 664 (5th Cir. 1994). According to the Fifth Circuit, *res judicata* bars a case when: "(1) the parties are identical or in privity; (2) the judgment in the prior action was rendered by a court of competent jurisdiction; (3) the prior action was concluded by a final judgment on the merits; and (4) the same claim or cause of action was involved in both actions." *Petro-Hunt, L.L.C. v. United States*, 365 F.3d 385, 395 (5th Cir. 2004). This Court employs a transactional test to assess whether multiple suits involve the same claim or cause of action. *Southmark Props. v. Charles House Corp.*, 742 F.2d 862, 870–71 (5th Cir. 1984). "Under the transactional test, a prior judgment's preclusive effect extends to all rights of the plaintiff with respect to all or any part of the transaction, or series of connected transactions, out of which the original action arose." *Test Masters Educ. Servs., Inc. v. Singh*, 428 F.3d 559, 571 (5th Cir. 2005). "The critical issue is whether the two actions are based on the 'same nucleus of operative facts.'" *Id.*; *see also N.Y. Life Insur. Co. v. Gillispie*, 203 F.3d 384, 387 (5th Cir. 2000).

## III.

## ANALYSIS

A.      *CMI and MERS's Motions*

Before discussing why Houston's claims are meritless, CMI and MERS offer two bases to dismiss Houston's suit outright: (1) that *res judicata* bars his current claims, given his August 2011 foreclosure prevention suit is nearly identical; and (2) that Houston was ineligible to file for

bankruptcy in August 2015 bankruptcy, meaning his petition triggered no automatic stay that would otherwise prevent foreclosure here. The Court examines each argument.

1.     Res Judicata

CMI and MERS first move to dismiss this case on *res judicata* grounds. They argue that Houston's 2011 foreclosure prevention suit meets all of the elements required to invoke *res judicata* under the federal rules, which govern in a diversity case. Doc. 6, CMI's Mot. to Dismiss 5; Doc. 10, MERS's Mot. to Dismiss 5. Houston's response to each motion references causes of action he did not raise in his complaint and therefore raises no applicable arguments. *See* Doc. 8, Pl.'s Mem. in Opp. to Def.'s Mot. to Dismiss [hereinafter Pl.'s CMI Resp.; Doc. 16, Pl.'s Mem. in Opp. to Def.'s Mot. to Dismiss 2 [hereinafter Pl.'s MERS/BDFTE Resp.]. Examining the record, the Court agrees with CMI and MERS. *Res judicata* bars Houston's claims.

*Res judicata* bars a subsequent suit if "(1) the parties [in both suits] are identical or in privity; (2) the judgment in the prior action was rendered by a court of competent jurisdiction; (3) the prior action was concluded by a final judgment on the merits; and (4) the same claim or cause of action was involved in both actions." *Petro-Hunt, L.L.C.,* 365 F.3d at 395 (citation omitted). Comparing Houston's 2011 suit with this one, the Court finds that all four elements are present.

First, Houston was the plaintiff in the 2011 suit and is the plaintiff in this suit; CMI, MERS, and BDFTE were the defendants in the 2011 suit and are the defendants in this suit. *Compare* Doc. 1-2, Pet., *with* Doc. 7-1, CMI App. at 8–27, Ex. 3, Pl.'s 2011 Pet. Thus Defendants meet the first element.

Second, a court of competent jurisdiction—the United States District Court for the Northern District of Dallas—rendered judgment in the 2011 suit when it issued an order dismissing the action with prejudice. *See* Doc. 7-1, CMI App. at 32, Ex. 5, 2011 Order. Thus the second element is met.

The third element—whether the 2011 judgment was on the merits—is trickier. Defendants cite *Derr v. Swarek,* 766 F.3d 430 (5th Cir. 2014) for the proposition that "[a] party can rely on a plaintiff's dismissal of his claims with prejudice for res judicata." Doc. 6, CMI's Mot. to Dismiss 6 n.25 (citing *Derr,* 766 F.3d at 440–41). But *Derr* addressed whether a prior Mississippi state court judgment, not a prior federal court judgment, barred a subsequent case. *See Derr,* 766 F.3d at 440. Therefore, it used a different *res judicata* test. *Id.* ("For the bar of res judicata to apply *in Mississippi* there are four identities which must be present: (1) identity of the subject matter of the action; (2) identity of the cause of action; (3) identity of the parties to the cause of action; and (4) identity of the quality or character of a person against whom the claim is made."). Accordingly, the Court cannot—based on *Derr* alone—automatically accept the proposition that voluntary dismissal constitutes a judgment on the merits for federal *res judicata* purposes. It must analyze the issue further.

To do so, this Court looks toward *Arias v. Napolitano,* 2:13-CV-248, 2014 WL 2987109 (S.D. Ohio July 2, 2014), *aff'd,* 599 F. App'x 242 (6th Cir. 2015), where a federal district court addressed whether a plaintiff's voluntary dismissal of his claims with prejudice in a previous *federal court* case constituted a judgment on the merits for *res judicata* purposes.[10] 2014 WL 2987109, at *1. According

---

[10] The *Derr* Court acknowledged that, at the time at least, the *Arias* Court was "[t]he only [other] court to [have] consider[ed] the issue" of whether a plaintiff's voluntary dismissal of his claims with prejudice constituted a final judgment on the merits for *res judicata purposes. See Derr,* 766 F.3d at 441 n.8.

to the *Arias* Court, it did. *See id.* at *4 ("Plaintiff's voluntary dismissal with prejudice is the legally operative principle necessary to satisfy res judicata's requirement of a 'final decision on the merits.'");[11] *see also Derr,* 766 F.3d at 441 ("If the plaintiff chooses to extinguish his rights forever[,] he is entitled to do so, and *the defendant will reap the benefit of a res judicata bar to any attempt by the plaintiff to re-litigate the dismissed claims.*" (emphasis added)). Thus, this Court is satisfied that Defendants, here, too, have satisfied the third element of the federal *res judicata* test, as Houston voluntarily nonsuited his claims against the defendants in the 2011 suit with prejudice. Doc. 7-1, CMI App. at 29, Ex. 4, Pl.'s Notice of Nonsuit with Prejudice.

Fourth, and finally, both suits involve the same claims. Under the transactional test that this Court employs, "a prior judgment's preclusive effect extends to all rights of the plaintiff with respect to all or any part of the transaction, or series of connected transactions, out of which the original action arose." *Test Masters Educ. Servs., Inc.,* 428 F.3d at 571 (citation omitted). Stated another way, if the two actions are based upon "the 'same nucleus of operative facts,'" the latter is barred by *res judicata. Id.; N.Y. Life Insur. Co.,* 203 F.3d at 387. Here, Houston initiated both suits to prevent Defendants from foreclosing upon the same property—2115 Brookhaven, Dallas, Texas 75224. *Compare* Doc. 1-2, Pet. *with* Doc. 7-1, CMI App. at 8–27, Ex. 3, Pl.'s 2011 Pet. While this alone would likely be enough under the Court's transactional test, Houston also asserted the exact same causes of action in both suits—(1) wrongful foreclosure; (2) breach of contract; (3) fraud; (4)

---

[11] The Court is aware that the *Arias* Court articulated a slightly different *res judicata* test. *See Arias,* 2014 WL 2987109, at *2 ("1. A final decision on the merits by a court of competent jurisdiction; 2. A subsequent action between the same parties or their "privies"; 3. An issue in the subsequent action which was litigated or which should have been litigated in the prior action; [and] 4. An identity of the causes of action.") (citation omitted). However, because both *Arias* and this case deal with a prior federal court judgment, the Court assumes *Arias* articulated the same federal *res judicata* test, albeit in slightly different language.

negligence; and (5) declaratory judgment—and requested identical relief, as well—actual and punitive damages, pre and post-judgment interest, and attorneys' fees. *Compare* Doc. 1-2, Pet., *with* Doc. 7-1, CMI App. at 8–27, Ex. 3, Pl.'s 2011 Pet. In fact, as CMI points out, it appears the only distinguishable fact present in his new suit is his reference to his August 2015 bankruptcy. *Compare* Doc. 1-2, Pet., *with* Doc. 7-1, CMI App. at 8–27, Ex. 3, Pl.'s 2011 Pet. *See also* Doc. 6, CMI Mot. to Dismiss 6. But for the reasons discussed below, *see infra* Part III(A)(2), this bankruptcy has no effect on the current case, so the difference between the two petitions is immaterial. The claims in both suits originate from a "common nucleus of operative facts," and thus Houston's current claims are barred by *res judicata*.[12]

### 2.    Whether the August 2015 Bankruptcy Triggered an Automatic Stay that Would Prevent Foreclosure

CMI and MERS next move to dismiss Houston's claims based on the fact that he was never eligible for bankruptcy. *See* Doc. 6, CMI's Mot. to Dismiss 7–8; Doc. 10, MERS's Mot. to Dismiss 7–8. According to Defendants, this means his August 2015 bankruptcy petition was a nullity and that the automatic stay never took effect, so it would not prevent foreclosure now. *See* Doc. 6, CMI's Mot. to Dismiss 7–8 (citing *In re Salazar*, 339 B.R. 622, 625 (Bankr. S.D. Tex. 2006)); Doc. 10, MERS's Mot. to Dismiss 7–8 (same). Again, Houston's responses are entirely non-responsive, failing to even mention a bankruptcy proceeding. *See* Doc. 8, Pl.'s CMI Resp.; Doc. 16, Pl.'s MERS/BDFTE Resp. In any event, the Court again agrees with Defendants on this point. No automatic stay will prevent foreclosure.

---

[12] Because the Court finds it is clear that Houston's claims are barred by *res judicata,* it need not and will not analyze their underlying merit .

At issue is whether Houston can now invoke the automatic stay in order to prevent foreclosure upon the Property. The answer is no. As a preliminary matter, the Court acknowledges that district courts in this circuit disagree about whether an ineligible individual filing a bankruptcy petition triggers the automatic stay. Some say no. *See In re Salazar*, 339 B.R. at 629 ("[I]t is implausible to believe that Congress specifically identified people to exclude from the bankruptcy process, yet permitted those same people to benefit from the bankruptcy's most powerful protection: the automatic stay." (emphasis omitted)). Others say yes. *See In re Jones*, 352 B.R. 813, 817–24 (Bankr. S.D. Tex. 2006). But under either approach, no automatic stay applies here now.

Houston was ineligible to file for bankruptcy on August 3, 2015. *See* Doc. 7-1, CMI App. at 6, Ex. 2, 9/14/15 Bankr. Order (citing court's previous order barring Houston from filing for bankruptcy until 6/4/16). The bankruptcy court recognized this and dismissed his case with prejudice on September 11, 2015. *Id.* at 5, 7. Under *In re Salazar*, then, the automatic stay would never have taken effect, so Houston cannot not invoke it now to prevent foreclosure. 339 B.R. at 629. And under *In re Jones,* while the automatic stay would have taken effect when Houston filed his petition, *see* 352 B.R. at 817–24, it would have terminated thirty days later. This is because Houston had previously filed for bankruptcy on April 6, 2015, *see* Doc. 7-1, CMI App. at 6, Ex. 2, 9/14/15 Bankr. Order, and, under, 11 U.S.C. §§ 362(c)(3) and (4), if an individual had a prior bankruptcy case pending within a year before filing, the automatic stay is limited to thirty days. Thus the stay, if there ever was one, would have terminated on September 3, 2015, so it will not prevent the foreclosure sale here.

For these reasons, CMI and MERS's Motions to Dismiss are **GRANTED** in their entirety and Houston's claims against each are **DISMISSED with prejudice.**

B.      *BDFTE's Motion*

BDFTE also moves to dismiss Houston's claims against it for failure to state a claim under Rule 12(b)(6) because Houston has failed to "identify any conduct attributable to [it] that supports his causes of action." Doc. 13, Def. Barrett Daffin Frappier Turner & Engel, LLP's Mot. to Dismiss and Br. in Supp. ¶ 1 [hereinafter BDFTE's Mot. to Dismiss]. Additionally, BDFTE argues that, even if Houston pled an otherwise sufficient claim, the qualified immunity doctrine would bar it, given BDFTE's only connection to this case was the legal representation it provided the lender in initiating foreclosure proceedings. *Id.* Houston's response does not address any of these arguments. *See* Doc. 16, Pl.'s MERS/BDFTE Resp. Reviewing the record, the Court agrees with BDFTE. Houston's claims against it must be dismissed.

As BDFTE points out, the only conduct attributable to it that Houston identifies in his motion is that BDFTE "committed fraud by preparing and submitting a known false documents with the intention that the false documents deprive Plaintiffs of money and property." Doc. 13, BDFTE's Mot. to Dismiss at ¶ 6 (citing Doc. 1-2, Pet. ¶ 19). This alone is not enough, but instead is the sort of conclusory allegation *Iqbal* forbids. *See* 556 U.S. at 678.

Further, and as BDFTE points out, the qualified immunity doctrine protects it from civil liability. Doc. 13, BDFTE's Mot. to Dismiss. ¶ 8. BDFTE's involvement in this suit was limited to representing a lender and assisting in initiating a foreclosure proceeding. *Id.* ¶¶ 9–10 (citing *Smith v. Nat'l City Mortg.*, A-09-CV-881 LY, 2010 WL 3338537, at *3 (W.D. Tex. Aug. 23, 2010)). "[A] third party non-client has no right of recovery against an attorney for filing various motions in a lawsuit, regardless of whether the motions were meritless or even frivolous." *Smith*, 2010 WL

3338537, at *3. Thus, even if Houston had adequately pled claims as to BDFTE, qualified immunity would defeat them.

Accordingly, BDFTE's Motion to Dismiss is **GRANTED** in its entirety and Houston's claims against it are **DISMISSED with prejudice.**

## IV.

## CONCLUSION

For the above reasons, the Court:

**GRANTS** CMI's Motion to Dismiss (Doc. 5) in its entirety and **DISMISSES** Houston's claims against it **with prejudice**;

**GRANTS** MERS's Motion to Dismiss (Doc. 9) in its entirety and **DISMISSES** Houston's claims against it **with prejudice**;

**GRANTS** BDFTE's Motion to Dismiss (Doc. 13) in its entirety and **DISMISSES** Houston's claims against it **with prejudice**.

**SO ORDERED.**

**SIGNED: June 8, 2016**.

JANE J. BOYLE
UNITED STATES DISTRICT JUDGE